# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY M. HOEPF, | Case No. 1:22-cv-153 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge William H. Baughman, Jr. |
| CITY OF AMHERST, et al., | |
| Defendants. | |

## OPINION AND ORDER

*Pro se* plaintiff Anthony M. Hoepf filed this action against the City of Amherst, Judge Thomas A. Januzzi, Amherst Police Officer Sanders Sanchez, and Amherst Police Officer Zemanek.  (ECF No. 1.)  Although not listed in the caption of the complaint, it appears that Plaintiff identifies Prosecutor John Wheeler as a party within the body of the complaint.  Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and false arrest/false imprisonment.  He seeks unspecified monetary damages and an order against the City of Amherst "to protect against the illegal removal, destruction, mutilation or transfer of, or other damage to or disposition of" police body camera videos or police cruiser videos.  (*Id.*, PageID #5.)  Plaintiff also filed an application to proceed *in forma pauperis*.  (ECF No. 2.)  The Court **GRANTS** that application.

### BACKGROUND

Plaintiff's complaint concerns circumstances surrounding his arrest and detention in February 2019.  Plaintiff states in his complaint that Officer Sanchez

pulled him over while he was leaving McDonald's, placed him in handcuffs, and conducted an illegal search of his vehicle. Plaintiff alleges that he repeatedly told Officer Sanchez that he did not possess any weapons or drugs and he did not consent to the search of his vehicle. Plaintiff claims that, after Officer Nemanek arrived with a statement from McDonald's, Plaintiff was placed under arrest, the officers conducted "an unreasonable search [and] false arrest," and his vehicle was illegally impounded. (ECF No. 1, PageID #2–3.) It appears that Plaintiff was charged on February 6, 2019 in Oberlin Municipal Court, Case No. 19CRB00055, with disturbing the peace and disorderly conduct. Following a bench trial, Plaintiff was found not guilty of the charges.[1]

Further, Plaintiff alleges that, during his criminal case proceedings, he filed a motion for appointment of counsel, which Judge Januzzi denied. Plaintiff states that Prosecutor Wheeler, among other prosecutors, attempted to obtain a guilty plea from Plaintiff during pretrial proceedings. (*Id.*, PageID #3–4.)

Plaintiff alleges that the police officers' conduct constituted an unreasonable, warrantless search of his person and his vehicle and an arrest without probable cause in violation of 42 U.S.C. § 1983. Also, he alleges that his intentional and unlawful detention without legal justification constituted "false arrest/false imprisonment." (*Id.*, PageID #4–5.)

---

[1] The Court takes judicial notice of the public dockets, opinions, and proceedings issued by other courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

2

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

Upon review, the Court finds that Plaintiff's claims against Judge Januzzi and Prosecutor Wheeler, and his Section 1983 claims against the City of Amherst must be dismissed under Section 1915(e)(2)(B).

**I.    Judge Januzzi**

Judicial officers generally are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only where (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which the jduge presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Plaintiff appears to object to decisions that Judge Januzzi made in connection with the criminal proceedings against him, such as the decision to deny Plaintiff's motion for appointment of counsel. Decisions concerning pending motions,

4

evidence, and indictments are all actions typically performed by judges in criminal matters. Plaintiff has not established that Judge Januzzi acted clearly outside of the subject matter jurisdiction of the court over which the judge presides. Therefore, Judge Januzzi enjoys absolute immunity from damages in this action.

## II. Prosecutor Wheeler

Plaintiff does not list Prosecutor Wheeler as a defendant in the caption of the complaint. Rather, he lists the prosecutor's name in the "Parties" section of the complaint and states that the prosecutor "represents the City of Amherst." (ECF No. 1, ¶ 4, PageID #1.) To the extent Plaintiff has attempted to include Prosecutor Wheeler as a defendant in this action, he fails. Prosecutors also have absolute immunity from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he is absolutely immune regardless of whether he undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse). Prosecutorial functions include participation in probable cause

5

hearings, grand jury hearings, pretrial proceedings, witness preparation, and trials. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Here, it appears that Plaintiff claims that Prosecutor Wheeler, who is one of three assistant prosecutors with whom he had contact during his numerous pretrial hearings, "attempted to get [Plaintiff] to plead guilty and accept a fine" in his criminal case. (ECF No. 1, PageID #4.) Participation in plea negotiations and pretrial hearings is a typical prosecutorial function for which prosecutors are immune. Moreover, even if Prosecutor Wheeler acted in bad faith in attempting to negotiate a guilty plea, he has absolute immunity against Plaintiff's claims. *Imbler*, 424 U.S. at 427 & n.27, 431 & n.34; *Joseph*, 795 F.2d at 555; *Grant*, 870 F.2d at 1139.

### III.  City of Amherst

It is a basic pleading requirement that a plaintiff attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Where, as here, the City of Amherst is named as a defendant without allegations of discernible specific conduct relating to Plaintiff's purported claim, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* complaints. Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery

6

under § 1983. *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

To the extent Plaintiff alleges the City of Amherst is liable for the alleged misconduct of Officers Sanchez and Zemanek, Plaintiff's claim fails. There is no respondeat superior liability for violations of constitutional rights under Section 1983, and Plaintiff has not alleged facts in his complaint sufficient to demonstrate that an official policy or custom of the City of Amherst caused a violation of his constitutional rights. *See Moniz v. Hines*, 92 F. App'x 208, 211 (6th Cir. 2004) (dismissing complaint against a local government for failing to allege that a constitutional violation occurred pursuant to a municipal custom, usage, or official policy). Plaintiff's conclusory statement in the "Parties" section of the complaint that the actions of Prosecutor Wheeler and Officers Sanchez and Zemanek "were the direct and proximate result of the failure of the City of Amherst to properly train" its employees is insufficient. That allegations fails to provide even minimal factual support that might establish liability. The pleading standard of Rule 8 does not require much, but it requires more than mere labels and conclusory assertions.

Therefore, the complaint fails to allege a plausible constitutional violation against the City of Amherst.

## CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff's claims against Judge Januzzi and Prosecutor Wheeler, as well as his Section 1983 claims against the City of Amherst. Further, the Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case shall proceed solely on Plaintiff's constitutional claims against Officers Sanchez and Zemanek and his State-law claims of false arrest/false imprisonment.

**SO ORDERED.**

Dated: April 25, 2022

                          J. Philip Calabrese
                          United States District Judge
                          Northern District of Ohio